**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENNIS STOTS<br>3020 D Street<br>Philadelphia, PA 19134<br><br>*Plaintiff,*<br><br>v.<br><br>DOLLAR TREE STORES, INC.<br>d/b/a Dollar Tree<br>2116 S. Christopher Columbus Blvd.<br>Philadelphia, PA 19148<br><br>*Defendant.* | CIVIL ACTION<br><br>No.: _______________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Dennis Stots (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Dollar Tree Stores, Inc. d/b/a Dollar Tree (hereinafter "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA and the PFPO which are identical to his federal claims asserted herein, once his administrative remedies are fully exhausted with the respective agencies.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a discount variety retailer which offers a wide selection of products and operates a retail store at the above-captioned address in Philadelphia, where Plaintiff was employed.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## **FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a black (African American) male.

11. Plaintiff was hired by Defendant in or about October 2025.

12. When Plaintiff was initially hired, he worked at Defendant's location in Chester, PA ("the Chester store").

13. In or about January 2026, the Chester store closed, and Plaintiff was transferred to Defendant's location at 2116 S. Christopher Columbus Blvd., Philadelphia, PA 19148 ("the Philadelphia store").

14. Plaintiff's position at both stores was that of a stock person. Plaintiff's job duties included unloading trucks when they arrived at the store and stocking shelves.

15. Plaintiff of course also did anything else asked of him, as he is a hard worker and a proverbial team player.

16. At the Chester store, Plaintiff worked five (5) days per week for approximately twenty-four (24) hours each week. Plaintiff's supervisor at the Chester store was Scott Herman ("Herman" – Black).

17. When Plaintiff was transferred to the Philadelphia store, Plaintiff's new supervisor was Sheryl (last name unknown, "Sheryl" – Caucasian).

18. Supervisors like Herman and Sheryl were in charge of creating staff schedules for their respective stores, as well as overseeing personnel in all respects.

19. When Plaintiff transferred locations, he anticipated that the number of hours he worked each week would remain the same (as was shared with Plaintiff in the transition / transfer process), however, that was not the case.

20. Plaintiff quickly noticed that Sheryl exhibited favoritism for Caucasian employees. Sheryl rarely, if ever, hired black individuals or other people of color and she treated employees of color differently.

21. For example, Sheryl gave Caucasian employees preference when creating the schedule and assigning shifts (or for fill ins or exchanging shifts). Caucasian employees received many more hours each week than employees of color.

22. During Plaintiff's first week of work at the Philadelphia store, Sheryl only scheduled him to work three (3) days.

23. Then in the following weeks, Sheryl scheduled Plaintiff to work only for five (5) hours on Fridays to unload the delivery truck.

24. On or about April 11, 2026, Plaintiff complained to Sheryl that she was subjecting him to discrimination on account of his race.

25. Within only a few weeks, beginning in or about May 2026, Sheryl completely stopped putting Plaintiff on the schedule or calling him to come in for shifts.

26. Plaintiff asked Sheryl why he was not getting more hours on the schedule and questioned whether it was due to his race, but she ignored Plaintiff and walked right past him.

27. Plaintiff even sent Sheryl text messages asking why he was not on the schedule, but she would either ignore Plaintiff's messages or just tell him that she did not have work for him.

28. However, there was plenty of work for Plaintiff to do. Plaintiff knows this because Sheryl continued to hire new stock people (albeit mostly, or only Caucasian individuals) and even would call other stores to ask for employees to come over to the Philadelphia store to help.

29. Upon information and belief, a Hispanic employee and two black employees quit because Sheryl was giving them one (1) shift a week or no shifts at all.

30. On or about June 23, 2026, Plaintiff sent a text message to Sheryl to ask if he was still on the schedule because Plaintiff had not received any hours in several weeks, or if he should look for new employment.

31. Sheryl never responded to Plaintiff's text message, and Plaintiff considered himself to be terminated from his employment as of June 23, 2026.

32. Plaintiff seeks redress for the adverse actions of: (a) reduced scheduling; and (b) actual or constructive termination.

33. Plaintiff was a stellar employee who asked for work and additional shifts, but he experienced blatant discrimination in favor of (existing and newly hired) non-black staff.

34. Plaintiff believes and therefore avers that he was terminated because of his race and/or complaints about race discrimination.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination and Retaliation)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate and demeaning treatment and selective enforcement of policies because of his race and/or complaints of race discrimination.

37. Plaintiff believes and therefore avers that he was subjected to (a) reduced scheduling; and (b) an actual or constructive termination from his employment with Defendant because of his race and/or complaints of race discrimination.

38. These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**COUNT II**
**Violations of Title VII**
**(Race Discrimination and Retaliation)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. During Plaintiff's employment with Defendant, he was subjected to discrimination through disparate and demeaning treatment and selective enforcement of policies because of his race and/or complaints of race discrimination.

41. Plaintiff believes and therefore avers that he was subjected to (a) reduced scheduling; and (b) an actual or constructive termination from his employment with Defendant because of his race and/or complaints of race discrimination.

42. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 9, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dennis Stots | : | CIVIL ACTION |
| v. | : | |
| Dollar Tree Stores, Inc. d/b/a Dollar Tree | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/9/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:________________ Judge:____________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[   ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

STOTS, DENNIS

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

DOLLAR TREE STORES, INC. D/B/A DOLLAR TREE

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - mployment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
Section 1981 (42USC1981); Title VII (42USC2000)

Brief description of cause:
Violations of Section 1981, Title VII, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE 10/9/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____